UNITED STATES of America,
Appellee,

v.

Raymond Terrance FRANKLIN,
also known as John Edwin
Bailey, Appellant.

No. 00–2522.

United States Court of Appeals,
Eighth Circuit.

Submitted July 5, 2001.

Decided July 11, 2001.

Before McMILLIAN, BOWMAN, and
MORRIS SHEPPARD ARNOLD, Circuit
Judges.

PER CURIAM.

Raymond Terrance Franklin appeals
from the final judgment entered in the
District Court[1] for the District of Minnesota after he pleaded guilty to conspiring to
distribute and possess with the intent to
distribute cocaine, in violation of 21 U.S.C.
§§ 841 and 846. The district court sen-

1. The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

tenced him to 125 months imprisonment and 5 years supervised release. On appeal, Franklin's counsel has filed a brief and moved to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Franklin has filed a pro se supplemental brief, arguing a prior robbery conviction should not have been counted as a predicate offense under the career-offender Guideline, his counsel was ineffective, and his sentence violated *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

Upon a thorough review of the record, we conclude Franklin knowingly and voluntarily waived his right to appeal his sentence in his plea agreement. *See United States v. Morrison*, 171 F.3d 567, 568 (8th Cir.1999); *United States v. Michelsen*, 141 F.3d 867, 871–72 (8th Cir.), *cert. denied*, 525 U.S. 942, 119 S.Ct. 363, 142 L.Ed.2d 299 (1998). Accordingly, we enforce the appeal waiver, dismiss the appeal, and grant counsel's motion to withdraw.[2]

---

2. Any ineffective assistance claim not waived should be deferred to a 28 U.S.C. § 2255 proceeding. To the extent Franklin's *Apprendi* argument is not foreclosed by the plea agreement, we reject it as meritless. *See United States v. Aguayo–Delgado*, 220 F.3d 926, 934 (8th Cir.) (holding sentences within statutory range authorized by § 841(b)(1)(C) without reference to drug quantity are per-

missible under *Apprendi* even where drug quantity was not charged in indictment or found by jury beyond reasonable doubt), *cert. denied*, 531 U.S. 1026, 121 S.Ct. 600, 148 L.Ed.2d 513 (2000).